IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL STEBBINS<br><br>Plaintiff,<br><br>v.<br><br>PETROLEUM EQUIPMENT SERVICES d/b/a WILDCO PES<br><br>Defendant. | INDIVIDUAL AND COLLECTION ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME AND UNPAID WAGES UNDER NEW JERSEY WAGE ACT, NEW JERSEY WAGE PAYMENT AND COLLECTION LAW<br><br>Civ. A. No.: 2:21-15117<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT**

Named Plaintiff Michael Stebbins (hereinafter referred to as "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Petroleum Equipment Services d/b/a Wildco PES (herein referred to as "Defendant").

**INTRODUCTION**

1.	Named Plaintiff initiates the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage Payment Law ("NJWPL"), and the New Jersey Wage and Hour Law ("NJWHL"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated owed overtime in violation of the FLSA and NJWHL, and non-overtime wages in violation of the NJWPL.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 et seq.

5. This Court has jurisdiction over the state law claims because they are supplemental to the underlying federal claims and arise out of the same transaction or occurrence, having the same common nucleus of operative facts pursuant to 28 U.S.C. §1367(a).

6. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Named Plaintiff is an adult individual with an address as set forth above.

9. Defendant is a company whose headquarters are located at the address set forth above that does business in New Jersey.

10. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

12. Named Plaintiff brings this action for violations of the FLSA individually and on behalf of all persons who worked anywhere in the United States for Defendant as Service Technicians and/or in other similar non-exempt, hourly positions at any point during the period beginning three years preceding the date the instant action was initiated through the present, whom Defendant subjected to the pay practices and policies discussed herein (the members of this putative class are referred to as "Collective Plaintiffs").

13. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as discussed infra.

14. There are numerous similarly situated current and former employees of Defendant who were improperly compensated for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

16. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**
**(New Jersey Wage and Hour Law)**

17. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

18. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings claims to redress Defendant's violations of the NJWHL individually and on behalf of those similarly situated.

19. Named Plaintiff seeks to represent a class of all persons who worked for Defendant in New Jersey as Service Technicians and/or in other similar non-exempt, hourly positions at any point during the period beginning six years preceding the date the instant action was initiated through the present, whom Defendant subjected to the pay practices and policies discussed herein (the members of this putative class are referred to as "WHL Plaintiffs").

20. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, upon information and belief, the number of potential class members is over forty (40).

21. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all WHL Plaintiffs, was an employee of Defendant in

New Jersey whom Defendant failed to properly compensate for overtime hours worked as required by NJWHL, and all hours worked pursuant to the NJ.

22. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the Class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

23. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

25. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendant failed to pay Named Plaintiff and WHL Plaintiffs all overtime owed by failing to pay for all hours worked, including all time spent transporting a mobile workshop.

## CLASS ACTION ALLEGATIONS
**(New Jersey Wage Payment Law)**

26. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

27. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings claims to redress Defendant's violations of the NJWPL individually and on behalf of those similarly situated.

28. Named Plaintiff seeks to represent a class of all persons who worked for Defendant in New Jersey as Service Technicians and/or in other similar non-exempt, hourly positions at any point during the period beginning six years preceding the date the instant action was initiated through the present, whom Defendant subjected to the pay practices and policies discussed herein (the members of this putative class are referred to as "WPL Plaintiffs").

29. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, upon information and belief, the number of potential class members is over forty (40).

30. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all WPL Plaintiffs, was an employee of Defendant in New Jersey whom Defendant failed to properly compensate for and all hours worked pursuant to the NJWHL.

31.     Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the Class.  Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

32.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

33.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

34.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether: 1) Defendant failed to pay Named Plaintiff and WPL Plaintiffs all wages owed by failing to pay wages for all time spent transporting a mobile workshop, 2) whether express contracts or implied contracts existed between Defendant and WPL Plaintiffs, and 3) whether Defendant breached and violated their contracts with WPL Plaintiffs.

35.

## FACTUAL BACKGROUND

36. The foregoing paragraphs are incorporated herein as if set forth in full.

37. Defendant provides technical services for petroleum service centers along the east coast of the United States.

38. From in or around June 2020 until on or about October 6, 2020, Named Plaintiff worked for Defendant as a Technician.

39. At all times relevant hereto, Named Plaintiff reported to individuals in Defendant's New Jersey office.

40. At all times relevant hereto, the majority of customer sites where Named Plaintiff was assigned to provide technical services were located in New Jersey.

**Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs were Non-Exempt Employees Under the FLSA and/or the New Jersey Wage Laws**

41. The foregoing paragraphs are incorporated herein as if set forth in full.

42. At all times relevant, Defendant paid Named Plaintiff hourly wages, not a salary.

43. At no time did Named Plaintiff supervise any employees of Defendant.

44. At no time did Named Plaintiff exercise discretion or independent judgment over matters of significance on behalf of Defendant.

45. Accordingly, Named Plaintiff was a non-exempt employee of Defendant under the FLSA and the NJWHL.

46.     At all times relevant, Defendant paid Collective Plaintiffs, WHL Plaintiffs, and WPL Plaintiffs (hereinafter, WHL Plaintiffs and WPL Plaintiffs are collectively referred to as "Class Plaintiffs") hourly wages, not salaries.

47.     At no time did/do Collective Plaintiffs or Class Plaintiffs supervise any employees of Defendant.

48.     At no time did/do Collective Plaintiffs or Class Plaintiffs exercise discretion or independent judgment over matters of significance on behalf of Defendant.

49.     Accordingly, Collective Plaintiffs and Class Plaintiffs were/are non-exempt employees of Defendant within the meaning of the FLSA and the NJWHL, respectively.

50.     Named Plaintiff regularly worked over 40 hours per workweek.

51.     Collective Plaintiffs and Class Plaintiff regularly worked/work more than 40 hours per workweek.

52.     Accordingly, Named Plaintiff and Class Plaintiffs were/are entitled to at least one and one-half times their regular rate for all hours worked over 40 hours in a workweek.

**Failure to Pay Wages for All Hours Worked**

53.     The foregoing paragraphs are incorporated herein as if set forth in full.

54.     As Technicians, Named Plaintiff's, Collective Plaintiffs' and Class Plaintiffs' job duties required that they travel to varying customer sites to provide technical services.

55. In order to transport the materials and tools required to provide such services, Defendant furnished Named Plaintiff's, Collective Plaintiffs', and Class Plaintiffs with specialized trucks, which Defendant required/requires them to store at their homes.

56. The vehicles provided to Named Plaintiff, Collective Plaintiffs and Class Plaintiffs were/are, in essence, mobile workshops, which allowed the Technicians to transport hundreds of pounds of parts and specialized tools needed to service Defendant's customers.

57. The hundreds of pounds of parts and tools that Defendant required Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs to transport to and from worksites could not be transported in a regular vehicle.

58. Accordingly, Named Plaintiff's, Collective Plaintiffs', and Class Plaintiffs' transportation of Defendant's trucks to customer sites was a necessary aspect of their duties. Defendant assigned Named Plaintiff's, Collective Plaintiffs', and Class Plaintiffs' daily service appointments at varying customer sites.

59. Following the completion of their daily service appointments, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs were/are required to maintain possession of Defendant's trucks in the event they were/are required to provide emergency services beyond their regularly scheduled service appointments.

60. By maintaining possession of Defendant's trucks, and the tools and equipment within, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs enabled Defendant to ensure customers received emergency technical services as quickly as possible.

61. Furthermore, Defendant limited costs of storing its work trucks by requiring Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs to store them at their homes.

62. Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs were/are often required to return to a customer site for an unforeseen service appointment after completing scheduled appointments and, at times, after returning home.

63. Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs were/are required to report all hours between the time they leave their homes for their first assignments to the time they complete all tasks related to their services after returning home from their last assignments.

64. The tasks they completed after returning home from worksites included completing and submitting paperwork related to services performed, checking the service board to ensure all customer services were completed, and responding to all e-mails.

65. However, Defendant maintained a policy of deducting 45 minutes of time from the reported hours each workday to account for the time Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs spent traveling to and from their homes to their first assignments, and from their final assignments to their homes, which Defendant unlawfully considered non-compensable commuting time.

66. As Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs regularly worked/work 40 or more hours in a workweek, Defendant's refusal to pay them for all hours worked resulted/results in Defendant's failure to pay Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs at least one and one-half times their regular rates for all hours worked more than of 40 hours in a workweek.

67. As a result of the foregoing, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs suffered damages.

## COUNT I
### Fair Labor Standards Act ("FLSA")
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Collective Plaintiffs v. Defendant)**

68. The foregoing paragraphs are incorporated herein as if set forth in full.

69. At all times relevant herein, Defendant was and continues to be an employer within the meaning of the FLSA.

70. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were or are employed with Defendant as "non-exempt employees" within the meaning of the FLSA.

71. At all times relevant herein, Defendant was responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

72. Under the FLSA, an employer must pay a non-exempt employee at least one and one-half times his or her regular rate for each hour worked more than forty (40) hours in a workweek.

73. Defendant's violations of the FLSA include not paying Named Plaintiff and Collective Plaintiffs at least one and one-half times their regular rate for all hours worked more than forty (40) hours in a workweek by failing to pay them for all the time spent transporting their work vehicles, which contained parts and tools, to their homes prior to completing end-of-day tasks.

74. Defendant's conduct in failing to pay Named Plaintiff and Collective Plaintiffs proper overtime wages was/is willful and was/is not based upon any reasonable interpretation of the law.

75. As a result of Defendant's unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**New Jersey Wage and Hour Law**
**(Failure to pay Overtime Compensation)**

76. The foregoing paragraphs are incorporated herein as if set forth in full.

77. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the NJWHL.

78. At all times relevant herein, Named Plaintiff and WHL Plaintiffs were/are employed by Defendant as "employees" within the meaning of the NJWHL.

79. At all times relevant herein, Defendant were responsible for paying wages to Named Plaintiff and WHL Plaintiffs.

80. Under the NJWHL, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked in excess of forty (40) hours per workweek.

81. Defendant's violations of the NJWHL include not paying Named Plaintiff and WHL Plaintiffs at least one and one-half times their regular rates for hours worked in excess of forty (40) hours per workweek by failing to pay them for all the time spent transporting their work vehicles, which contained parts and tools, to their homes prior to completing end-of-day tasks.

82. As a result of Defendant's unlawful conduct, Named Plaintiff and WHL Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**New Jersey Wage Payment and Law**
**(Failure to pay Non- Overtime Wages Earned)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

83. The foregoing paragraphs are incorporated herein as if set forth in full.

84. At all times relevant herein, Defendant was and continue to be an employer within the meaning of the NJWPL.

85. At all times relevant herein, Named Plaintiff and WPL Plaintiffs were/are employed with Defendant as "employees" within the meaning of the NJWPL.

86. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and WPL Plaintiff.

87. Under the NJWPL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

88. Defendant's violations of the NJWPL include failing to pay Named Plaintiff and WPL Plaintiffs their straight-time rate for all hours worked.

89. As a result of Defendant's unlawful conduct, Named Plaintiffs and WPL Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of federal and state wage and hour laws;

(2)   Defendant is to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

(3)   Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded liquidated damages under the FLSA and/or the NJWHL and/or the NJWPL as permitted by applicable laws;

(4)   Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

(5)   Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

(6)   Named Plaintiff's, Collective Plaintiffs', and Class Plaintiffs' claims are to receive a jury trial.

Respectfully Submitted,

*/s/ Manali Arora*
Manali Arora, Esq.
Matthew D. Miller, Esq
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North
Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date:   March 29, 2022

Case 2:21-cv-15117-SRC-JSA    Document 22    Filed 03/29/22    Page 16 of 17 PageID: 269

## **DEMAND TO PRESERVE EVIDENCE**

1.      Defendant are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiffs' employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.